**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| SAM RAYBURN MUNICIPAL POWER AGENCY § § § Plaintiff, § § v. § § RALPH J. GILLIS AND § GILLIS, BORCHARDT & BARTHEL LLP § § Defendant. § | Civil Action No. _____ JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Sam Rayburn Municipal Power Agency files this Original Complaint against Ralph J. Gillis and Gillis, Borchardt & Barthel LLP and, in support thereof, respectfully submits the following.

## I.   NATURE OF ACTION

1. This is an action for breach of fiduciary duty.

## II.   PARTIES

2. Plaintiff Sam Rayburn Municipal Power Agency ("SRMPA") is a joint powers agency created by the cities of Jasper, Liberty, and Livingston, Texas on October 31, 1979.

3. Defendant Ralph J. Gillis ("Gillis") is an individual who resides in Massachusetts and is a name partner with the law firm Gillis, Borchardt & Barthel LLP. Gillis may be served at the offices of Gillis, Borchardt & Barthel LLP, which are located at 160 Old Derby Street, Suite 227, Hingham, MA 02043.

4. Defendant Gillis, Borchardt & Barthel LLP ("Gillis Borchardt") is a law firm that has its principal place of business in Hingham, Massachusetts. Defendant Gillis Borchardt may

be served with process by serving Gillis or one of the other partners of Gillis Borchardt at the Gillis Borchardt offices, which are located at 160 Old Derby Street, Suite 227, Hingham, MA 02043.[1]

### III.   JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.  Specifically, Plaintiff is a citizen of Texas, and Defendants are citizens of Massachusetts.

6.   This Court has personal jurisdiction over Defendants.  Defendants have a substantial connection with Texas arising out their actions and conduct purposefully directed towards Texas, and this cause of action arises out of and relates to Defendants' contacts with Texas.  Defendants have purposefully availed themselves of the laws of the State of Texas and have established "minimum contacts" within Texas.  Exercising personal jurisdiction over Defendants in this matter would not offend traditional notions of fair play and substantial justice.

7.   Venue of this matter is proper within the Beaumont Division of the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(a) and (b)(2), in that jurisdiction is founded only on diversity of citizenship and a substantial part of the events or omissions giving rise to the claim occurred in the Beaumont Division of the Eastern District of Texas.

### IV.   FACTUAL BACKGROUND

8.   SRMPA brings this lawsuit against its former lawyer, Gillis, and its former outside law firm, Gillis Borchardt, for a breach of the fiduciary duties that they continue to owe

---

[1] Gillis and Gillis Borchardt will be referred to at times herein as "Defendants."

x
.

to SRMPA.[2] Stated simply, Gillis and Gillis Borchardt are currently representing the Vinton Public Power Authority ("VPPA") in a dispute against SRMPA even though Gillis and Gillis Borchardt previously represented both SRMPA and VPPA in negotiating and documenting the very transaction that forms the basis of the underlying dispute between the parties. SRMPA does not consent to this representation. Defendants' wrongful conduct constitutes not only a breach of the fiduciary duties they owe to SRMPA, it is also a violation of the Texas Disciplinary Rules of Professional Conduct and the Massachusetts Rules of Professional Conduct.

9. Gillis has represented SRMPA in negotiating various power supply transactions for more than twenty years. Gillis Borchardt has represented SRMPA in these transactions since it was founded by Gillis. One of the last transactions Gillis negotiated on behalf of SRMPA is known as the Cambridge Project—a series of interconnected power transactions related to the purchase of wholesale power. VPPA is a party to the Cambridge Project, and Gillis represented both SRMPA and VPPA in the negotiation and documentation of the Cambridge Project.

10. As a part of the Cambridge Project, SRMPA entered into a Supplemental Requirements Power Supply Agreement ("S-RPSA") with EWO Marketing, Inc. ("EWOM") in August 2011. In the S-RPSA, SRMPA agreed to purchase power from EWOM to serve VPPA's IP Retail Load needs. VPPA executed the S-RPSA as a buyer participant.

11. In June 2012, SRMPA fired Gillis and his firm. Shortly thereafter, a dispute arose between SRMPA and VPPA concerning VPPA's expressed desire to terminate the S-RPSA. When SRMPA made it clear that it was not interested in either terminating the S-RPSA or in separating the power supply of the S-RPSA, Gillis, on Gillis Borchardt letterhead, faxed a Notice

---

[2] Gillis Borchardt was previously named Gillis & Angley, LLP.

of Termination to the Executive Director of SRMPA unilaterally purporting to terminate the agreement.[3]

12. The dispute between SRMPA and VPPA is ongoing, and it could potentially cause an enormous amount of damage to SRMPA because the S-RPSA is integrated with the other contracts to make up the Cambridge Project. As Gillis explained in correspondence prior to sending the Notice of Termination, if one of the contracts that comprises the Cambridge Project is terminated, the entire Cambridge Project could collapse.[4] Therefore, VPPA's and SRMPA's dispute threatens to jeopardize the entire Cambridge Project.

13. Despite this dispute between VPPA and SRMPA, Defendants continue to represent VPPA in matters adverse to SRMPA that arise out of and are substantially related to the Cambridge Project. This is a direct violation of the fiduciary and ethical duties that Defendants owe to SRMPA.

## V.  CAUSES OF ACTION

14. SRMPA incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs.

15. Defendants' actions described herein constitute a breach of fiduciary duty. As SRMPA's former attorneys in the Cambridge Project, Defendants continue to owe SRMPA a fiduciary duty. Defendants have a duty to not represent any party in a matter adverse to SRMPA, when the matter is substantially related to the Cambridge Project, without prior consent from SRMPA. In addition, Defendants have a duty to not represent any party in a matter adverse to SRMPA that in reasonable probability will reveal SRMPA's confidential information, without

---

[3] The August 9, 2013 Notice of Termination is attached as **Exhibit A**.
[4] *See* the email from Ralph Gillis to Bruce Halstead dated February 14, 2013 8:32 AM, attached as **Exhibit B**.

prior consent from SRMPA. Also, since Defendants represented both VPPA and SRMPA in the negotiations and the drafting of the contracts comprising the Cambridge Project, Defendants owe SRMPA a fiduciary duty to not represent VPPA in any dispute arising out of the Cambridge Project, without prior consent from SRMPA.

16. Defendants breached their fiduciary duty to SRMPA. Defendants represented, and continue to represent, VPPA in a dispute against SRMPA that arose out of, and is substantially related to, the Cambridge Project, without obtaining SRMPA's consent. SRMPA did not, and does not, consent to this representation. It is reasonably probable that Defendants revealed confidential information to VPPA during this representation. Defendants' actions have proximately caused SRMPA damages.

17. When an attorney breaches his fiduciary duty to his former client, the court must disgorge the profits received by the attorney as a result of the breach and the attorney must forfeit the fees he collected during his representation of the former client. Therefore, SRMPA demands return of the payments made to Defendants in connection with their representation of SRMPA in the negotiation and documentation of the Cambridge Project. The Defendants' breach of fiduciary duty was both clear and serious. Defendants' conduct was also intentional, willful, and malicious thereby warranting an award of exemplary damages.

## VI.   DEMAND FOR JURY

18. SRMPA hereby demands a trial by jury and the appropriate fee has been tendered to the clerk of the court.

## VII.   PRAYER

19. SRMPA prays that, upon a full trial on the merits, the Court find in favor of SRMPA and against Defendants, that SRMPA be awarded damages and equitable relief; that

SRMPA be awarded exemplary damages; that SRMPA be awarded prejudgment and post judgment interest at the maximum rate allowed by law; and that SRMPA be awarded its costs of court.  SRMPA further requests all other relief to which it is entitled, whether at law or in equity.

DATE:  April 8, 2014.

                              Respectfully submitted,

                              By: */s/ Bryan S. Dumesnil*
                                  Bryan S. Dumesnil
                                  State Bar No. 00793650
                                  bryan.dumesnil@bgllp.com

                            BRACEWELL & GIULIANI LLP
                            711 Louisiana Street, Suite 2300
                            Houston, Texas 77002
                            (713) 223-2300 Telephone
                            (713) 221-1212 Facsimile

                            ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

BRACEWELL & GIULIANI LLP
Ralph D. McBride
State Bar No. 13332400
Austin J. Muck
State Bar No. 24084401
711 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 223-2300 Telephone
(713) 221-1212 Facsimile
ralph.mcbride@bgllp.com
austin.muck@bgllp.com

#4516730.5