# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| SAM RAYBURN MUNICIPAL POWER AGENCY | § § § | |
| v. | § § | NO. 1:14-CV-202 |
| RAY J. GILLIS and GILLIS, BORCHARDT & BARTHEL L.L.P. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial proceedings. (Doc. No. 11.) Pending before the court is the "Objection to the Magistrate's Report and Recommendation" (Doc. No. 65) filed by Defendants Gillis, Borchardt & Barthel L.L.P., Ralph J. Gillis, and Obain Associates Ltd. (collectively, "Gillis Defendants"). The court has received and considered the report and recommendation of the magistrate judge (Doc. No. 61), who recommends denying the "Motion to Vacate Joinder of the Trust" (Doc. No. 57) filed by Gillis, Borchardt & Barthel, L.LP. and Ralph J. Gillis, granting in part the "Motion to Dismiss" (Doc. No. 52) filed by the Jasper/VPPA Settlement Trust, and dismissing this case for lack of subject matter jurisdiction. The Gillis Defendants filed timely objections to the report and recommendation (Doc. No. 65), and the Plaintiff responded. (Doc. No. 66.)

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court."

Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1412 (5th Cir. 1996) (en banc).

The Gillis Defendants do not object to any particular finding of the magistrate judge's report. Rather, they raise an entirely new argument—that dismissal is no longer warranted because their affirmative defense, which was filed after the magistrate judge issued his report, creates federal question jurisdiction. The general rule, however, is that an affirmative defense cannot create federal question jurisdiction, and the court is not persuaded that the narrow exception of complete preemption is applicable. Therefore, the court finds this argument without merit.

After conducting a de novo review of the magistrate judge's report and recommendation, the Gillis Defendants' objections, and the Plaintiff's response, the court finds that the magistrate judge's findings and conclusions are correct. See FED. R. CIV. P. 72(b)(3). Accordingly, the Gillis Defendants' objections are overruled and the report and recommendation will be adopted.

It is therefore **ORDERED** that the magistrate judge's report and recommendation (Doc. No.61) is **ADOPTED**; and the Gillis Defendants' "Objection to the Magistrate's Report and Recommendation" (Doc. No. 65) is **DENIED**.

So **ORDERED** and **SIGNED** this **30** day of **January, 2015.**

_____
Ron Clark, United States District Judge